IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD KNUTSON,

    Plaintiff,

  v.

GREGORY LEWIS, Warden,

    Defendant.

Case No.: C 13-2915 CW (PR)

ORDER OF DISMISSAL

## INTRODUCTION

Plaintiff, a California prisoner incarcerated at Pelican Bay State Prison (PBSP) and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons discussed below, this case is DISMISSED without prejudice for failure to exhaust administrative remedies. Plaintiff's motion for leave to proceed in forma pauperis is granted in a separate order.

## DISCUSSION

The Prison Litigation Reform Act of 1995 (PLRA) provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general

conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Prisoners cannot avoid the administrative exhaustion requirement by requesting relief not available in the appeals system, such as monetary relief, or by simply declaring the process futile. The exhaustion requirement requires "proper exhaustion" of all available administrative remedies. Ngo, 548 U.S. at 93. Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003). The Court may dismiss a complaint for failure to exhaust where the prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120.

    First, the Court notes that Plaintiff's complaint is written in handwriting that is barely legible so that the Court cannot read many words or make out the claims asserted. Second, Plaintiff indicates on the complaint that he has not presented the facts in his complaint for review through the administrative process. Compl. at 1. Plaintiff also attaches the result of his

2

1 appeal at the First Level Review, which was cancelled on May 14,
2 2013, because the time limit for submitting it was exceeded, even
3 though he had the opportunity to submit it within the prescribed
4 time constraints.  Compl., Ex. A.  On May 20, 2013, Plaintiff's
5 appeal was returned to him at the First Level Review because he
6 was attempting to submit an appeal that had been previously
7 cancelled.  Compl., Ex. A.  On May 21, 2012, Plaintiff's appeal
8 was returned to him at the First Level Review because it was
9 "obscured by pointless verbiage or voluminous unrelated
10 documentation such that the reviewer cannot be reasonably expected
11 to identify the issue under appeal."  Compl., Ex. B.

12     Plaintiff must comply with the PLRA's requirement of "proper
13 exhaustion" under Ngo: "Proper exhaustion demands compliance with
14 an agency's deadlines and other critical procedural rules because
15 no adjudicative system can function effectively without imposing
16 some orderly structure on the course of its proceedings."  548
17 U.S. at 90-91 (footnote omitted).  Because it is clear that
18 Plaintiff has not "properly exhausted" his claims, and there is no
19 applicable exception to the exhaustion requirement, dismissal
20 without prejudice is appropriate.

21                           CONCLUSION
22     For the foregoing reasons, this action is hereby DISMISSED
23 without prejudice to Plaintiff's re-filing his claims after all
24 available administrative remedies have been exhausted.  If
25 Plaintiff re-files this complaint, he must print it in handwriting
26 that is legible or use a typewriter so that the Court is able to
27 read it.
28

The Clerk shall terminate any pending motions and close the file.

IT IS SO ORDERED.

Dated: 9/24/2013

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE